IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

1 of 5

Plaintiff: LEBARON HARRIS

VS.

UNITED STATES of AMERICA

AMENDED FEDERAL TORT CLAIM ACT 28 U.S.C. § 2676

FILED
SCRANTON
JUL 24 2017
PER _____
DEPUTY CLERK

17-CV-1303

1. LeBaron Harris, currently residing at U.S.P. Lewisburg-SMU, P.O. Box 1000, Lewisburg PA, 17837. The Plaintiff is acting in pro se capacity and request that his claim be construed liberally under Haines V. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), also Doolittle V. Holmes, Fed. Appx 133 (2009).

INTRODUCTION

2. This is a civil suit being filed in compliance with the FEDERAL TORT CLAIMS ACT 28 U.S.C. § 2676-79. Before this act was federally created agency's could be sued for it's torts, if Congress had given the agency the power to "sue and be sued". Under the FTCA, however, the authority of any federal agency to sue or be sued in it's own name shall not be construed to authorize suits against such federal agency's on claims which are recongnizable under 28 U.S.C. § 1346(b). Instead, the remedies provided by the FTCA are the exclusive remedy for claims that are cognizable under 28 U.S.C.A. § 1346(b), which grants the federal district court jurisdiction over tort claim against the UNITED STATES.

Under 28 U.S.C.A. § 2679(a), the statutory authority of a federal agency to be sued does not permit a tort suit directly against the agency if the suit is based on conduct covered under the FTCA. Instead, the UNITED STATES must be named as the defendant. Moreover, the authority of a federal agency to sue or be sued in its own name does not constitute a waiver of the governments sovereign immunity separate and apart from the provision of the FTCA, and unless some other ACT provides a waiver of sovereign immunity a federal agency may not be sued in tort, even if the action is based on a tort that is not covered by the FTCA. The effect of 28 U.S.C.A. § 2679(a), is that tort actions against suable federal agencies are placed on the same footing as actions against agencies that do not have the power to sue or be sued.

3. The FTCA was amended in 1988 to provide that the remedy against the UNITED STATES under the FTCA "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the GOVERNMENT, while acting within the scope of his/her office or employment, is exclusive of any other civil action." This provision was intended to substitute the UNITED STATES, as the only permissable

defendant in all common-law tort actions against federal employees, who were acting in the scope of employment. The amendment also provides that "[a]ny other civil action or proceeding for money damages arising out of or relating to the same subject matter against employee or the employee's estate is precluded without regard to when the act or omission occurred."

4. Under 28 U.S.C.A. § 2679(b)(1), a tort action against a federal employee who was acting within the scope of his/her employment, must proceed exclusively against the UNITED STATES, under the Federal Tort Claims Act, even if this procedure leaves the plaintiff without a remedy. The plaintiff may be left without any remedy, for example, when the claim is based on acts for which the UNITED STATES may not be sued under the FTCA, or when the FTCA claim is barred by the statute of limitations.

## JURISDICTION

5. This action is being brought pursuant to the FEDERAL TORT CLAIMS ACT, under Titles 28 U.S.C. §§ 2671 thru 2679.

## FACTS

6. The plaintiff listed above is currently residing at U.S.P. LEWISBURG - SMU, P.O. BOX 1000, LEWISBURG PA. 17837. The plaintiff has filed [i.e. exhausted remedy] STANDARD FORM 95 as required under the FTCA.

7. The defendant, UNITED STATES is being sued directly for negligence, negligence per se, wrongful acts or omission of any employee of the government while acting within the scope of this office or employment. Can be served at, OFFICE of GENERAL COUNSEL, FEDERAL BUREAU of PRISONS, 320 First Street N.W., WASHINGTON D.C. 20530.

8. On or about 11/10/16., prisoners began to complain of symptoms of severe headaches, diarrhea, stomach pains and sweating, after consuming the VETERAN'S DAY meal.

9. On or about 11/26/16, plaintiff above began to suffer from some of the same ailments of the other prisoners.

10. On 11/30/16, a memorandum from the warden was passed out, it's subject being that of: Gastrointestinal Illness.

11. On 12/1/16, the plaintiff was moved to isolation for quarantine.

12. On 12/2/16, the HEALTH INSPECTOR was called into the institution.

13. The SMU population remained on a modified schedule from on or about 11/25/16, until 12/9/16.

14. The plaintiff was release from quarantine on 12/7/16.

15. The plaintiff remained sick from 11/26/16, until on or about 12/11/16.

1-15. Paragraphs 1 thru 15 are re-alleged here as if fully set forth herein.

16. Under 18 U.S.C. §§ 4041, 34042(a)(2) the BUREAU of PRISONS has a mandated duty to provide healthy and nutritious meals to all prisoners here at U.S.P. Lewisburg.

17. On 11/10/16, the B.O.P. was in breach of it's mandated duties under the policies and regulations implimented by Congress when they served the plaintiff and other prisoners not mentioned, inadequate, spoiled and otherwise unhealthy food.

18. As a proximate result from their negligence the plaintiff mentioned above and other unmentioned prisoners recieved salmonella-bacterial poisoning.

19. As a proximate result from this breach in mandated duties the plaintiff's prisoner 'rights' were violated.
   a. Plaintiff has the right to expect that staff and/or other personnel will treat the plaintiff as a human being in a ▓▓▓▓ respectful, impartial and fair manner.
   b. Plaintiff has the right to be informed and know the rules and procedures and/or schedules concerning the operation of this institution.
   c. Plaintiff has the right to health care, which includes nutritious meals. ETC. ETC.

20. Paragraph 19(a), was breached when placed under "isolation/quarantine" status, and was denied adequate medical treatment.

21. Paragraph 19(b), was breached when warden failed to pass out memorandums providing prisoners with notice that the institution was on quarantine status, and how long said status was going to last.

22. Paragraph 19(c), was breached when defendant's served inadequate, spoiled and otherwise unhealthy food from an unsanitary kitchen that was contaminated and that contamination caused the ▓▓▓▓ plaintiff to ingest salmonella-bacterial poisoning. Plaintiff never had a stool sample taken or blood drawn to find out the seriousness of injury.

23. As a direct and proximate result of the plaintiff being infected with the salmonella bacteria due to U.S.P. LEWISBURG staff's negligence, the plaintiff suffered severe and extremely painful symptoms that included diarrhea and severe headaches and stomach pains. Further, the plaintiff was forced to endure the pain associated with the above mentioned symptoms in which plaintiff suffered by being infected with "salmonella poison"

24. The actions and omissions of U.S.P. LEWISBURG STAFF on, 11/10/16, in preparing and serving food to plaintiff and others in the SMU population in whole, amounts to gross negligence, a failure to adequately train and the denial of my mandatory rights as provider under 18 U.S.C. §§ 4042. Further, the intentional denial of providing me with necessary medical treatment for my illness constitute negligence, medical neglect.

25. The UNITED STATES is responsible under the FTCA, for the acts described herein based on the wrongful acts or omissions of federal employees acting within the scope of his/her employment when he/she is doing something to further the duties he/she owes to his/her employer and the conduct is the type that he/she was hired to do.

26. Pursuant to 28 U.S.C. §§ 2675(b) and 28 C.F.R. §§ 14.2, the undersigned plaintiff is required to request a specific sum certain for the damages [he] sustained, and therefore the mentioned plaintiff has requested specific damages and/or settlement* with the agency responsible (BUREAU of PRISONS) for "salmonella-bacteria poisoning, negligence, and deliberate refusal to treat plaintiff for symptoms." *$90,000.00

5 of 5

EXECUTED ON THIS DAY OF JULY 19th, 2017.

RESPECTFULLY SUBMITTED,
/s/ [signature]
LEBARON HARRIS #09564029

Inmate Name: LEBARON HARRIS
Register Number: 04564-029
United States Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

7016 1370 0001 7627 7384

RECEIVED SCRANTON
JUL 24 2017
PER _____ DEPUTY CLERK

// LEGAL MAIL //

OFFICE of the CLERK
UNITED STATES DISTRICT COURT
for the
MIDDLE DISTRICT OF PENNSYLVANIA
William J. Nealon Federal Bldg. & U.S. Cour-
235 NORTH WASHINGTON AVENUE
P.O. BOX 1148
SCRANTON, PA. 18501-1148

USMS X-RAY